IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | |
|---|---|
| LONGMEADOW ONE SOLAR LLC, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TRINA SOLAR CO., LTD. et al., | ) ) ) |
| Defendants. | ) ) ) ) ) ) |

Civil Action No: 3:24-cv-03223-GC-JBD

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TRINA SOLAR CO. LTD.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.    GROUP PLEADING IS IMPERMISSIBLE. ........................................................ 2

II.   PLAINTIFFS' NEGLIGENCE CLAIM IS BARRED BY THE ECONOMIC LOSS RULE AND THE INTEGRATED PRODUCT DOCTRINE. ................................ 4

III.  PLAINTIFFS' GOOD FAITH AND FAIR DEALING CLAIM FAILS TO STATE A CLAIM AND IS DUPLICATIVE OF THEIR BREACH OF WARRANTY CLAIM. ............................................................................................. 7

    A.   THE LIMITED WARRANTY IS NOT A DIRECT CONTRACT BETWEEN TSL AND PLAINTIFFS GIVING RISE TO AN IMPLIED COVENANT OF GOOD FAITH. ....................................................................... 7

    B.   PLAINTIFFS' GOOD FAITH AND FAIR DEALING CLAIM IS DUPLICATIVE OF THEIR BREACH OF WARRANTY CLAIM. ...................... 8

CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Adams Extract & Spice, LLC v. Van de Vries Spice Corp.*,
  Civ. No. 11-720(JAP), 2011 WL 6756973 (D.N.J. Dec. 23, 2011)..........................................6

*Beazer E., Inc. v. Mead Corp.*,
  412 F.3d 429 (3d Cir. 2005)......................................................................................................6

*Brouillette v. CitiMortgage, Inc.*,
  Civ. No. 23-04304 (GC) (JBD), 2024 WL 2796529 (D.N.J. May 31, 2024) ..........................6

*Cohen v. Subaru of Am., Inc.*,
  Civ. No. 1:20-cv-08442-JHR-AMD, 2022 WL 714795 (D.N.J. Mar. 10, 2022) .....................5

*Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*,
  457 F.3d 312 (3d Cir. 2006)....................................................................................................11

*Etrailer Corp. v. Unbeatablesale.com, Inc.*,
  Civ. No. 21-10172 (RK) (RLS), 2024 WL 1016200 (D.N.J. Mar. 8, 2024) ............................3

*Ferrante v. Amgen, Inc.*,
  Civ. No. 13–07344 (SRC), 2014 WL 1092555 (D.N.J. Mar. 18, 2014)...................................6

*George v. Jaguar Land Rover N. Am. LLC*,
  Civ. No. 2:20-cv-17561 (WJM), 2021 WL 5195788 (D.N.J. Nov. 8, 2021).....................7, 8, 9

*Hahn v. OnBoard LLC*,
  Civ. No. 09-3639, 2009 WL 4508580 (D.N.J. Nov. 16, 2009) ................................................8

*Jannarone v. Sunower Corp.*,
  Civ. No. 18-9612 (MAS) (TJB), 2019 WL 4058981 (D.N.J. Aug. 28, 2019).......................8, 9

*Lexon Ins. co. v. Borough of Union Beach*,
  Civ. No. 19-14655 (GC) (JBD), 2023 WL 3727791 (May 30, 2023) ....................................11

*Marina Grp. LLC v. Shirley May Int'l US Inc.*,
  Civ. No. 2:21-cv-18733 (BRM) (MAH), 2022 WL 17222679 (D.N.J. Dec. 13, 2022) ............3

*MHA, LLC v. Amerigroup Corp.*,
  539 F. Supp. 3d 349 (D.N.J. 2021) ...........................................................................................3

*New Mea Const. Corp. v. Harper*,
  203 N.J. Super. 486 (App. Div. 1985) ......................................................................................5

*Saltiel v. GSI Consultants, Inc.*,
  170 N.J. 297 (2002) ..................................................................................................................5

*Sheeran v. Blyth Shipholding S.A.*,
  Civ. No. 14-5482, 2015 WL 9048979 (D.N.J. Dec. 16, 2015).................................................4

*Spring Motors Distributors, Inc. v. Ford Motor Co.*,
  98 N.J. 555 (1985) ....................................................................................................................4

*T.J. McDermott Transp. Co., Inc. v. Cummins, Inc.*,
 Civ. No. 14–04209 (WHW)(CLW), 2015 WL 1119475 (D.N.J. Mar. 11, 2015) ................... 10

*Wilson v. Amerada Hess Corp.*,
 168 N.J. 236 (2001) ................................................................................................. 10, 11

**RULES**

Fed. R. Civ. P. 8 ................................................................................................................ 1, 2, 4

Fed. R. Civ. P. 12(b)(5) ............................................................................................................ 2

# INTRODUCTION

Plaintiffs' opposition (the "Opposition") to Trina Solar Co., Ltd.'s ("TSL") Motion to Dismiss makes clear why the improper group pleading approach Plaintiffs employ in their Second Amended Complaint ("SAC") is disfavored by courts and why Plaintiffs' claims against TSL should be dismissed with prejudice. Rather than alleging claims with specificity against TSL and its affiliate, Trina Solar (U.S.), Inc. ("TUS"), Plaintiffs improperly conflate these separate corporate entities and repeatedly level allegations against "Defendants" and "Trina" as collective parties. Because Plaintiffs' pleading strategy fails to provide TSL with notice of the claims against it as required by Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs' claims against TSL must be dismissed on this basis alone.

Moreover, even if Plaintiffs' claims satisfied Rule 8 pleading requirements, Counts Two (Negligence) and Three (Breach of Good Faith and Fair Dealing) are facially deficient as a matter of law. With respect to Plaintiffs' negligence claim, Plaintiffs rely on irrelevant case law to argue that this claim is not barred by the economic loss rule, then wholly ignore TSL's arguments concerning the integrated product doctrine. With respect to Plaintiffs' good faith and fair dealing claim, the only document on which Plaintiffs could possibly base this claim is the at-issue Limited Warranty provided by TSL, which does not constitute a direct contract between the parties sufficient to give rise to an implied covenant, and makes Plaintiffs' claim entirely duplicative of Count One (Breach of Warranty).

Accordingly, dismissal of each of Plaintiffs' claims against TSL is warranted. Moreover, because the deficiencies in Plaintiffs' claims against TSL cannot be remedied through amendment (at minimum as it related to Counts Two and Three), the Court should grant such

1

dismissal without leave to amend.[1]

## ARGUMENT

I. **GROUP PLEADING IS IMPERMISSIBLE.**

As detailed in TSL's Motion to Dismiss, the SAC indiscriminately levels the same allegations against "Defendants" collectively and asserts three identical claims against both TSL and TUS. In doing so, Plaintiffs fail to comply with basic pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.

In their Opposition, Plaintiffs only cursorily address TSL's group pleading arguments. Plaintiffs ask the Court to forgive their failure to plead facts to state a claim against each Defendant. They argue that Defendants should be able to divine the allegations against them and the Court should simply infer that each Defendant is "equally liable." Plaintiffs then argue that the relationship between TSL and TUS cannot be readily ascertained, and that group pleading against both Defendants is permissible, at least until they can engage in a fishing expedition in discovery to further clarify this relationship. Plaintiffs' assertions on both points are contrary to established law, and the Federal Rules and case law demand far more.

The elements of Plaintiffs' claims require precise allegations of the relationship (or lack thereof) between Plaintiffs and each specific Defendant, including the breach of warranty claims (*i.e.*, only one Defendant issued the Limited Warranty), and breach of the implied covenant of good faith and fair dealing (which fail because no Plaintiff is in privity with either Defendant). It is imperative that Plaintiffs allege their relationship with each Defendant to assess which parties

---

[1] Pursuant to an agreement between counsel, TSL has agreed to accept service in this action through its counsel, Jones Day and Mazzola Lindstrom LLP, and accordingly is no longer seeking to dismiss Plaintiffs' claims against TSL for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Accordingly, while TSL maintains that Plaintiffs' efforts to serve TSL through TUS, as TSL's purported "agent," were improper, TSL's arguments for dismissal under Rule 12(b)(5) as well as Plaintiffs' Motion for Alternative Service are now moot and TSL does not address them in this reply.

are bound by the written instruments at issue, and the rights and responsibilities, if any, arising from those instruments.

For these very reasons, courts have little trouble dismissing group pleadings like the SAC. *See, e.g.*, *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 364-65 (D.N.J. 2021) (dismissing group pleadings against parent corporation where at-issue contract only named subsidiary entity as contracting party); *Etrailer Corp. v. Unbeatablesale.com, Inc.*, Civ. No. 21-10172 (RK) (RLS), 2024 WL 1016200, at *6 (D.N.J. Mar. 8, 2024) ("[Plaintiff] does not allege any details about its relationship with any Third-Party Defendant, instead alleging that Third-Party Defendants, as a group, entered a contract with [Plaintiff]. . . . Failing to specifically allege which Third-Party Defendants engaged in what wrongful conduct and the nature of [Plaintiff's] contractual relationship with each Third-Party Defendant is by itself grounds for dismissal."); *Marina Grp. LLC v. Shirley May Int'l US Inc.*, Civ. No. 2:21-cv-18733 (BRM) (MAH), 2022 WL 17222679, at *8 (D.N.J. Dec. 13, 2022) (dismissing group pleaded claims for breach of contract and breach of the implied covenant of good faith and fair dealing "not only because it is unclear which factual allegations are relevant to which defendants, but also because some of the allegations, as written, result in a conflict of claims necessitating resolution").

Nor is the relationship between TSL and TUS opaque such that group pleadings are permissible against both Defendants. The SAC and the attached exhibits make clear that Plaintiffs are well aware of the separate roles played by TSL and TUS, and Plaintiffs simply refuse to distinguish between these two separate entities. For example, Plaintiffs acknowledge that TSL is the sole party that issued the Limited Warranty. *E.g.*, SAC ¶ 19 ("the Modules were covered by 'an industry-leading 25-year lifetime warranty' which was issued by [TSL]"). Plaintiffs also allege that, "[p]ursuant to the terms of [TSL]'s warranty, [TUS] acts on behalf of

3

[TSL] in handling the subject warranty claims." SAC, ¶ 29. Yet, they fail in the SAC to identify the specific alleged acts of either Defendant and lump them together for virtually all purposes. *E.g.*, *id.*, ¶¶ 30, 32, 36, 41.

Plaintiffs also seek to hold "Defendants" collectively liable for all damages sought in the SAC for Breach of Warranty, Negligence, and Breach of the Implied Covenant. They also allege that TUS is individually liable for purported Negligent Misrepresentation claims, but seek the same damages alleged against all Defendants in the prior Counts. *Id.*, pp. 14, 15, 17, 19. The SAC disregards the distinction between these two corporate entities and impermissibly alleges "that each of the defendants is responsible for everything." *Sheeran v. Blyth Shipholding S.A.*, Civ. No. 14-5482 (JBS/AMD), 2015 WL 9048979, at *5 (D.N.J. Dec. 16, 2015). In doing so, Plaintiffs have failed to state a claim against either Defendant under Rule 8.

## II.     PLAINTIFFS' NEGLIGENCE CLAIM IS BARRED BY THE ECONOMIC LOSS RULE AND THE INTEGRATED PRODUCT DOCTRINE.

Plaintiffs cannot refute TSL's argument that Plaintiffs' negligence claim is barred by the economic loss rule. Instead, Plaintiffs seek to invoke legal uncertainty where there is none. They cite authority discussing the "boundary" between tort and contract claims and identifying certain "guidelines" New Jersey courts rely upon in differentiating tort and contract claims. But courts clearly apply the economic loss rule to bar tort claims in cases such as this one, where an allegedly defective product causes damage only to itself and to products into which it is integrated.

In its Motion to Dismiss, TSL cites to the well-established principle that "a commercial buyer seeking damages for economic loss resulting from the purchase of defective good[s] may recover . . . for a breach of warranty under the U.C.C., but not in strict liability or negligence." *Spring Motors Distributors, Inc. v. Ford Motor Co.*, 98 N.J. 555, 672 (1985). Where an alleged

4

loss is "not attributable to physical injury to person or harm to a tangible thing other than the defective product itself," contract damages are an aggrieved party's exclusive remedy. *Id.*, at 673; *see also, e.g.*, *Cohen v. Subaru of Am., Inc.*, Civ. No. 1:20-cv-08442-JHR-AMD, 2022 WL 714795, at *8 (D.N.J. Mar. 10, 2022) (emphasis added) ("unless a product defect causes physical harm or harm to property *other than the product itself*, a purchaser can only recover contract damages"). That is precisely the type of economic losses that Plaintiffs seek here. *See* SAC, ¶ 72 (alleging that "Defendants'" negligence led to "a total loss of the Modules, a loss of significant revenue," and required expenditure by Plaintiffs of "significant costs to redesign the existing racking to accommodate any replacement modules"); Opp., p. 16 (arguing that alleged defects led to "cracking in the Modules").

Plaintiffs ignore case law on all fours and instead rely on a constellation of New Jersey cases defining the general boundaries between contract and tort claims. None of Plaintiffs' cases involve the sale of goods under the U.C.C., and Plaintiffs make no effort to explain why these cases usurp authorities directly on point arising under the U.C.C. that conflict with Plaintiffs' amorphous and unsupported theories.

Nor do Plaintiffs' cases support their positions. Instead, Plaintiffs' cases support that purely economic damages are not recoverable in tort, absent some sort of physical injury or external harm. *See Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 317-18 (holding that damages arising from construction of an allegedly defective soccer field arose solely in contract, but "acknowledg[ing] that a different analysis and result could be implicated if a soccer player sustained personal injuries proximately caused by the allegedly deficient design work"); *New Mea Const. Corp. v. Harper*, 203 N.J. Super. 486, 497 (App. Div. 1985) (rejecting negligence

5

theory premised on allegedly defective construction of patio and "violation of the implied contractual provision that the patio would be constructed in a workmanlike fashion").

Plaintiffs baldly allege that "defects in the Modules resulted in physical damage to products other than the Modules, including corrosion, loss of function, and damage to the Systems' inverters, and racking system." *See* SAC, ¶ 27. Plaintiffs appear to add this allegation to the SAC in a futile attempt to salvage their negligence claim from the economic loss rule. But Plaintiffs do not seek to recover any monetary damages relating to this alleged harm to inverters or racking systems. *Id.*, ¶ 83 ("[a]s a direct and proximate cause of Trina's conduct, Plaintiffs have been damaged and sustained a total loss of the modules . . . .").

Even if Plaintiffs had sought to recover damages to inverters and racking, as explained in the Motion to Dismiss, such recovery would still be barred by the integrated product doctrine. *See, e.g.*, *Adams Extract & Spice, LLC v. Van de Vries Spice Corp.*, Civ. No. 11-720(JAP), 2011 WL 6756973, at *4 (D.N.J. Dec. 23, 2011) ("[t]he integrated product doctrine is essentially an expansion of the economic loss doctrine, precluding strict liability and negligence remedies when a defective product is incorporated into another product that is then damaged").

Plaintiffs' Opposition makes no effort to address the integrated product doctrine, and Plaintiffs have thus waived the right to do so. *See, e.g.*, *Brouillette v. CitiMortgage, Inc.*, Civ. No. 23-04304 (GC) (JBD), 2024 WL 2796529, at *7 (D.N.J. May 31, 2024) (Castner, J.) (citing *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d Cir. 2005)); *Ferrante v. Amgen, Inc.*, Civ. No. 13–07344 (SRC), 2014 WL 1092555, at *7 (D.N.J. Mar. 18, 2014) ("[c]ourts in this District have held that the failure to respond to an argument advanced in support of a motion to dismiss results in a waiver of the claim sought to be dismissed").

Because Plaintiffs' negligence claim is barred by the economic loss rule and the integrated product doctrine, it, too, must be dismissed.

### III. PLAINTIFFS' GOOD FAITH AND FAIR DEALING CLAIM FAILS TO STATE A CLAIM AND IS DUPLICATIVE OF THEIR BREACH OF WARRANTY CLAIM.

#### A. THE LIMITED WARRANTY IS NOT A DIRECT CONTRACT BETWEEN TSL AND PLAINTIFFS GIVING RISE TO AN IMPLIED COVENANT OF GOOD FAITH.

As TSL explains in its Motion to Dismiss, Plaintiffs did not contract with TSL to purchase the at-issue solar modules. Indeed, the named Plaintiffs here did not contract with *any* Defendant to purchase these modules. Rather, Plaintiffs allege that a non-party, G&S Solar Installers, LLC, contracted with *TUS*, to allegedly purchase solar modules, and another third party, Hudson Renewables LLC, purchased some portion of modules. *See* SAC, ¶ 18 & Ex. A. Plaintiffs do not allege or attach even one contract involving any Plaintiff. *See id.*

It is black-letter law that "[t]he implied covenant of good faith and fair dealing is not a free-standing cause of action" but rather is "an implied covenant *of a contract*." *George v. Jaguar Land Rover N. Am. LLC*, Civ. No. 2:20-cv-17561 (WJM), 2021 WL 5195788, at *9 (D.N.J. Nov. 8, 2021) (emphasis in original). Thus, a claim for the breach of this covenant cannot lie without a direct contract between the exact plaintiff and defendant the plaintiff seeks to hold liable. *Id.*

Both the SAC and Plaintiffs' Opposition make clear that Plaintiffs' good faith and fair dealing claim purports to arise from the Limited Warranty issued solely by TSL. *See* SAC, ¶¶ 75-76 ("Defendants breached the covenant of good faith and fair dealing by subjecting Plaintiffs to an unnecessarily long claims process which end result was potential resolutions that were not viable for the Systems. . . . Further, Defendants breached the covenant of good faith and fair dealing by attempting to rewrite the warranty's terms and wrongly exercising discretion grant[ed]

7

to them under the warranty . . . ."); Opp., p. 17 ("In this case, Defendants breached the covenant of good faith and fair dealing by subjecting Plaintiffs and SunRay to an unnecessarily long and expensive claims process, with unexplained repeated delays, unexplained queries, and personnel changes in the middle of the claims process, which end result was potential resolutions that were not viable for the Systems.").

What Plaintiffs do not (and cannot) allege is that TSL was a party to any *direct contracts* with Plaintiffs. While the manufacturer's Limited Warranty was issued solely by TSL, that is not a direct contract between TSL, as the remote manufacturer, and any Plaintiff. *George*, 2021 WL 5195788, at *9 (holding manufacturer's warranty did not give rise to an implied covenant where the manufacturer was not "party to the sale and lease agreements between Plaintiffs and the authorized dealers"). Because there is no such direct contract, there is no covenant to imply, and Plaintiffs' claims fail for this reason alone. *Id.*

### B. PLAINTIFFS' GOOD FAITH AND FAIR DEALING CLAIM IS DUPLICATIVE OF THEIR BREACH OF WARRANTY CLAIM.

As TSL made clear in its Motion to Dismiss, a "[p]laintiff may not maintain a separate action for breach of the implied covenant of good faith and fair dealing [where] it would be duplicative of [its] breach of contract claim." *Hahn v. OnBoard LLC*, Civ. No. 09-3639, 2009 WL 4508580, at *6 (D.N.J. Nov. 16, 2009). Plaintiffs' Opposition reinforces that Plaintiffs' implied covenant claim exactly replicates their breach of warranty claim.

To plead a claim for breach of the implied covenant that is distinct from a breach of contract claim, a plaintiff must show that the defendant acted with some sort of "bad motive" or otherwise acted "arbitrarily, unreasonable, or capriciously," and did not simply fail to satisfy its contractual obligations. *See, e.g.*, *Jannarone v. Sunower Corp.*, Civ. No. 18-9612 (MAS) (TJB), 2019 WL 4058981, at *6 (D.N.J. Aug. 28, 2019). Plaintiffs allege in the SAC that "Defendants"

8

(including TSL) (1) "subject[ed] Plaintiffs to an unnecessarily long claims process which end result was potential resolutions that were not viable for the Systems" and (2) "wrongly exercise[ed] discretion grant[ed] to them under the warranty by electing to replace the modules . . . with modules that were not equivalents." SAC, ¶¶ 75-76. Plaintiffs reiterate these same points in their Opposition, claiming they experienced "an unnecessarily long and expensive claims process, with unexplained repeated delays, unexplained queries, and personnel changes in the middle of the claims process," that ultimately resulted in "resolutions that were not viable for the Systems." Opp., p. 17.

In other words, Plaintiffs' good faith and fair dealing claim is premised solely on (1) their unhappiness with the warranty claims process detailed in the *Limited Warranty*, and (2) their dissatisfaction with the proposed warranty remedy under the *Limited Warranty*. There is utterly no distinction between the Breach of Warranty claims and the implied covenant claims. The Limited Warranty sets forth the warranty fulfillment process, and it requires Plaintiffs to provide "evidence of the claims and the serial numbers of the Product(s) at issue." SAC, Ex. B, § 7(a). Plaintiffs cannot now argue the claims process detailed in the Limited Warranty constitutes both a breach of warranty and a breach of the implied covenant.

Plaintiffs' own case, *Jannarone*, undercuts their arguments. There, the court dismissed plaintiff's duplicative implied covenant claim because plaintiff had only alleged that he had requested remedies under the warranty "which were 'consistently and repeatedly ignored . . .'" and defendant made ineffective repairs once it elected to exercise the repair option under the warranty. *Jannarone*, 2019 WL 4058981, at *6. Those claims were governed by the warranty, were duplicative of the breach of warranty claims, and could not be recast as implied covenant claims. *Id.* Numerous other cases are in accord. *See, e.g.*, *George*, 2021 WL 5195788, at *9

9

(dismissing good faith and fair dealing claim premised on alleged failure to "fully and properly repair" a defect as duplicative of breach of warranty claim); *T.J. McDermott Transp. Co., Inc. v. Cummins, Inc.*, Civ. No. 14–04209 (WHW)(CLW), 2015 WL 1119475 (D.N.J. Mar. 11, 2015) (dismissing good faith and fair dealing claim based on alleged "conceal[ment] [of] problems . . . [and] replac[ement] of substandard parts with parts that were also substandard" as duplicative of breach of warranty claim).

Plaintiffs cite *Wilson v. Amerada Hess Corp.*, which evaluated the duty of good faith and fair dealing in the context of contracts which permit unilateral "discretionary authority" over key aspects of contract performance. 168 N.J. 236, 251 (2001). Plaintiffs argue that TSL similarly had "discretion under the [Limited Warranty] to decide what remedy to provide Plaintiffs"; Opp., p. 17; and that their parallel good faith and fair dealing claim should survive TSL's Motion to Dismiss on those grounds. These arguments fail.

In *Wilson*, the contract at issue gave the defendant "unilateral authority" to set certain prices charged to the plaintiffs. 168 N.J. at 240. Plaintiffs argued that the defendant abused this authority by setting prices in a manner that favored gas stations which defendant operated over independently operated ones (such as those operated by the plaintiffs). *Id.*, at 242-43. Ultimately, the court held that summary judgment against the plaintiffs was not warranted, given that circumstantial evidence existed of a "bad motive" by the defendant to harm the plaintiffs' businesses. *Id.*, at 253-54.

The circumstances at issue here bear no similarity to those in *Wilson*. To be sure, Plaintiffs assert various grievances with TSL's *warranty* claims process and the *warranty* remedies TSL offered. But they do not (and cannot) allege that TSL acted with a bad motive, such as undermining Plaintiffs' business or favoring TSL's competing business interests at the

10

expense of Plaintiffs' business, or that TSL's conduct was otherwise arbitrary, unreasonable, or capricious.

Plaintiffs also assert that TSL improperly exercised its discretion to pick from one of three remedies under the Limited Warranty. This argument cannot withstand scrutiny: nearly *all* contracts permit the parties some discretion in how to perform (or whether to perform at all); it does not follow that any grievance involving this performance thus invokes the "discretion" contemplated in *Wilson*. *See, e.g.*, *Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 329 (3d Cir. 2006) (internal quotation marks omitted) ("the covenant should not be construed too broadly as it could become an all-embracing statement of the parties' obligations under contract law"). The *Wilson* court recognized this key distinction, explaining that the type of discretion actionable under a separate good faith and fair dealing claim must "be beyond the expectations of the parties at the formation of a contract when parties reasonably intend their business relationship to be mutually beneficial." *Wilson*, 168 N.J. at 251. Even where one party to a contract exercises contractual discretion to the alleged detriment of another, "[w]ithout bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance." *Id.*; *see also Lexon Ins. co. v. Borough of Union Beach*, Civ. No. 19-14655 (GC) (JBD), 2023 WL 3727791, at *7-8 (May 30, 2023) (Castner, J.) (surety's discretionary decision to utilize a particular completion contractor under a performance bond did not permit a good faith and fair dealing claim "simply because the owner/obligee has a legitimate basis to prefer a different completion contractor").

Plaintiffs cannot plausibly allege that TSL's elections to repair, replace, or partially refund the product somehow undermines their expectations, when that is precisely the exclusive remedies available under the Limited Warranty. Nor can Plaintiffs shoehorn their breach of

11

warranty claims into duplicative claims for breach of the implied covenant (or negligence). Their recourse is to assert breach of warranty claims under the U.C.C. and the Limited Warranty.

Accordingly, even if the Court were to find that a contract existed between Plaintiffs and TSL from which an implied duty of good faith and fair dealing could arise, Plaintiffs' claim for breach of this duty should be dismissed as duplicative of Plaintiffs' breach of warranty claim.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in TSL's Motion to Dismiss, TSL respectfully requests that this Court dismiss all of Plaintiffs' claims against TSL with prejudice, and without leave to amend.

Dated: March 24, 2025

Respectfully submitted,

_____

MAZZOLA LINDSTROM LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Hanoch Sheps
Ruofei Xiang
hanoch@mazzolalindstrom.com
ruofei@mazzolalindstrom.com
646.216.8126
347.280.8432

-and-

JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Richard J. Grabowski (admitted *pro hac vice*)
949.553.7514
rgrabowski@jonesday.com

555 South Flower Street, 50th Floor
Los Angeles, California 90071-2300
David A. Ciarlo (admitted *pro hac vice*)
213.243.2769
dciarlo@jonesday.com

100 High Street, 21st Floor
Boston, Massachusetts 02110-1781
Ryan D. Class (admitted *pro hac vice*)
617.449.6804
rclass@jonesday.com

*Attorneys for TRINA SOLAR (U.S.), INC. and TRINA SOLAR CO., LTD. f/k/a CHANGZHOU TRINA SOLAR ENERGY CO., LTD.*

13