IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | |
|---|---|
| **LONGMEADOW ONE SOLAR LLC,** et al.<br><br>Plaintiffs,<br><br>v.<br><br>**TRINA SOLAR CO., LTD. et al.,**<br><br>Defendants. | Civil Action No: 3:24-cv-03223-GC-JBD<br><br>**DECLARATION OF HANOCH SHEPS IN SUPPORT OF REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRINA SOLAR CO., LTD.'S MOTION TO DISMISS** |

Hanoch Sheps, being duly sworn, deposes and says:

1. I am an attorney admitted to practice before this Honorable Court, and I am with the law firm Mazzola Lindstrom LLP, attorneys for Trina Solar (U.S.), Inc. ("TUS") and Trina Solar Co. Ltd. ("TSL").

2. I am familiar with the facts, pleadings, and procedural history of this matter. This declaration is made in support of TSL's reply memorandum of law in support of TSL's motion to dismiss Plaintiffs' Second Amended Complaint.

3. On March 21, 2025, TSL's counsel David Ciarlo and Ryan Class of the law firm Jones Day met and conferred with Plaintiffs' counsel Nicholas Gaunce of the law firm Eckert Seamans Cherin & Mellott, LLC in order to discuss TSL's contention that Plaintiffs had improperly attempted service on TSL through TUS, as TSL's purported "agent," as detailed in the memorandum of law accompanying TSL's motion to dismiss (ECF No. 36-1) and the accompanying Declaration of Ruofei Xiang (ECF No. 36-2).

4. During this meet and confer, TSL's counsel stated that, while TSL maintained

that Plaintiffs had not properly served TSL and that TUS was not TSL's agent for service of process, TSL would, solely for purposes of judicial economy and the avoidance of additional expense, agree to accept service in the above-captioned action through its counsel at Mazzola Lindstrom LLP and Jones Day.

5. For the avoidance of doubt, TSL's acceptance of service was only through its retained counsel. TUS did not, and does not, agree to accept service on behalf of TSL for this or any other action pending in any jurisdiction, nor does TSL's acceptance of service through counsel apply for any other purpose in any other matter.

6. Accordingly, solely for purposes of the above-captioned action and without waiver of any right to assert a defense of insufficient process, insufficient service of process, or any other defense based upon service of process in any other action other than the above matter, TSL states that it is no longer seeking to dismiss Plaintiffs' claims against it in this action for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5).

7. While counsel for the parties is still discussing the form and substance of an acknowledgement of service which will be filed memorializing the terms of the parties' agreement, such acknowledgement will be substantially similar to the draft Acceptance of Service of Process on Behalf of Defendant, Trina Solar Co., Ltd. f/k/a Changzhou Trina Solar Energy Co., Ltd. Solely for this Action, a true and accurate copy of which is attached hereto as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 24, 2025

        Respectfully submitted,

        **MAZZOLA LINDSTROM LLP**

        _____
        Hanoch Sheps
        **MAZZOLA LINDSTROM LLP**
        1350 Avenue of the Americas, 2nd Floor
        New York, New York 10019
        646-216-8126
        hanoch@mazzolalindstrom.com